■ In the Matter of GRAND JURY SUBPOENA to CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO. — Order of the Supreme Court, New York County (F. Shea, J.), dated September 13, 1982, which quashed a Grand Jury subpoena duces tecum issued upon the Continental Illinois National Bank and Trust Company of Chicago (Continental) seeking production of all books and records relating to the account of one Christ Christakis and/or Sudamericana Maritima Transportare, Ltd. in the bank's branch at Piraeus, Greece, unanimously reversed, on the law and the facts, and the motion to quash denied, without costs. Christakis, of Greek derivation, is a naturalized citizen of the United States. He was indicted in June, 1982 (but not yet arraigned), charged with crimes arising from, among other things, a padded payroll scheme and forgery. There is involved a charge of international transfer of some one million dollars in funds by defrauding Christakis' employer, a shipping and chartering concern in Manhattan. Christakis maintains a checking account at the Piraeus, Greece, branch of Continental. The bank is Federally chartered and has its headquarters in Illinois, with an office in New York County, where a Grand Jury is conducting an ongoing investigation of Christakis and Sudamericana Maritima Transportare, Ltd., of which he is the agent and principal. In June, 1982 a subpoena was served on the New York offices of the bank, seeking records and documents with respect to the accounts in the Piraeus branch of Christakis and his company. In July, 1982 the bank moved to quash the Grand Jury subpoena on the ground that it would violate Greek law. It is conceded that the Greek law in question provides that deposits in Greek banks "are considered secret" and that if any bank officer or employee discloses information about such deposits, he "shall be punished by imprisonment for at least six months." The only exception in the Greek law, allowing

such disclosure, is after a "specifically substantiated decision of a national court" to the effect that the information is essential for the investigation and punishment "of felonies committed in Greece." The bank contends that the New York County District Attorney's office could ask for the release of the information from the public prosecutor in Piraeus. The motion to quash was granted on the basis that the bank was acting in good faith in refusing disclosure (see *Societe Int. v Rogers,* 357 US 197), and further that "the interests of the bank at the present time outweighed those of the people." When a similar problem, involving an Internal Revenue Service summons for records in Greece, was considered by the Seventh Circuit Court of Appeals (*United States v First Nat. Bank of Chicago,* 699 F2d 341, 346), the matter was remanded to the District Court to conduct further inquiry and to consider issuing an order requiring the bank "to make a good faith effort to receive permission from the Greek authorities to produce the information". In another case substantially similar, involving the Bahamas, where the situation there did not have quite the same *in terrorem* effect, there was a finding that the bank had not made a good-faith effort to comply with the subpoena. (*Matter of Grand Jury Proceedings [United States v Bank of Nova Scotia]*, 691 F2d 1384, cert den __ US __.) It would seem that the bank should be required to make more of a good-faith effort to comply, and so we reverse and deny the motion to quash. We are not now passing on the question of what will constitute sufficient compliance to warrant not holding the bank in contempt with respect to the subpoena. Concur — Kupferman, J. P, Silverman, Bloom, Milonas and Kassal, JJ.